THOMAS A. WOODS (SB #210050)
thomas.woods@stoel.com
STOEL RIVES LLP
500 Capitol Mall, Suite 1600
Sacramento, CA 95814
Telephone: 916.447.0700
Facsimile: 916.447.4781

Attorneys for Defendant
BIOTRONIK, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCIE PIERCE,<br><br>         Plaintiff,<br><br>   v.<br><br>BIOTRONIK, INC., BIOTRONIK VERTRIEBS GMBH & CO. KG; and DOES 1 to 100,<br><br>         Defendants. | Case No.<br><br>NOTICE OF REMOVAL<br><br>(Sutter County Superior Court, Case No. CVCS20-0001536) |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEY OF RECORD:

In accordance with 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, Biotronik, Inc. ("Biotronik"), through undersigned counsel, with full reservation of any and all defenses, objections, and exceptions, hereby removes the above captioned action from the Superior Court of California, County of Sutter, where it is currently pending, to the United States District Court for the Eastern District of California, and states as follows:

1. Plaintiff Marcie Pierce commenced this action on or about September 17, 2020 by filing a Complaint in the Superior Court of California, County of Sutter, bearing Case No. CVCS20-0001536.

2. Service was affected on Biotronik through its agent for service of process on October 13, 2020. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders issued in state court are attached as Exhibit A to this Notice of Removal.

3. Based on Biotronik's diligent search and reasonable inquiry, Biotronik Vertriebs GmbH & Co. KG has not been served.

4. As set forth more fully below, this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a) because the matter in controversy is likely to exceed $75,000 and is between citizens of different states. Biotronik has also satisfied the procedural requirements for removal. This action is therefore properly removable to this Court under 28 U.S.C. § 1441.

**I. Complete diversity exists because Plaintiff is of diverse state citizenship from Biotronik.**

5. Upon information and belief, Plaintiff is a domiciled in Yuba County, California and is therefore a citizen of California.

6. Defendant Biotronik, Inc. ("Biotronik") is a foreign corporation incorporated in the State of Delaware with its principal place of business in Oregon. Biotronik is therefore a citizen of Delaware and Oregon for diversity purposes. *See* 28 U.S.C. § 1332(c)(1).

7. Defendant Biotronik Vertriebs GmbH & Co. KG is a foreign (German) limited partnership, with a limited and a general partner. The limited partner is MS Holding II SE, a foreign

(European stock) corporation with its principal place of business in Germany. The general partner is Biotronik Vertrieb Verwaltungs-GmbH, a foreign (German) corporation with its principal place of business in Germany. Therefore, for diversity purposes, Biotronik Vertriebs GmbH & Co. KG is a citizen of Germany. *Johnson v. Columbia Properties Anchorage, LP*, 437 F. 3d 894, 899 (9th Cir. 2006) ("a partnership is a citizen of all of the states of which its partners are citizens").

8. Thus, Plaintiffs are of diverse state citizenship from Biotronik (and Biotronik Vertriebs GmbH & Co. KG) and the complete diversity requirement is satisfied.

**II. This action satisfies the amount in controversy requirement because Plaintiff's claims are likely to exceed the sum or value of $75,000.**

9. Consistent with California law, Plaintiff's personal injury Complaint does not specify a numerical dollar amount in the Petition, other than to say the amount in controversy exceeds $25,000. *See* Cal. Civ. Code § 425.10(b); Ex. A, Compl., p. 1. The Ninth Circuit has instructed that, in such a situation, the removing defendants must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). The court may consider allegations in the notice of removal, as well as summary-judgment-type evidence relevant to the amount in controversy, including damage awards in cases similar to the Plaintiff's. *See id*.

10. In the Complaint, Plaintiff contends she was damaged by an allegedly defective cardiac pacemaker which she believes was manufactured, designed, and/or sold by Defendants. *See* Ex. A, Compl., p. 4.

11. Plaintiff seeks multiple categories of damages—damages resulting from wage loss, hospital and medical expenses, general damage, loss of earning capacity, and loss of ability to provide household service. *See id*. at p. 3.

12. California courts have awarded damages in excess of $75,000 for injuries similar to those alleged by Plaintiff—damages associated with allegedly defective pacemakers. *See Steinbuck v. Medtronic Inc.*, No. 707006, 1999 WL 619456 (Cal. Feb. 11, 1999) (awarding plaintiff $260,097 in damages resulting from an allegedly defective cardiac pacemaker lead); *David Hern v. Intermedics, Inc.*, 1997 Mealey's Jury Verdicts & Settlements 252, Case No. CV-93-02088-SBA

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

NOTICE OF REMOVAL            -3-            CASE NO.

108539058.5 0047984- 00001

(N.D. Cal. 1997) (awarding plaintiff $90,887 in compensatory damages for an allegedly defective pacemaker). Courts outside of California have done the same. *See Calloway v. Cardiac Pacemakers Inc.*, 2001 KY Trial Ct. Rev., 97 CI 7007 (Ky. 2000) (awarding plaintiff $128,175 for a defective cardiac pacemaker).

13. Additionally, federal district courts across the country have found the amount in controversy requirement for diversity purposes met in personal injury cases involving allegedly defective pacemakers. *See, e.g.*, *Pease v. Medtronic, Inc.*, 6 F. Supp. 2d 1354, 1357 (S.D. Fla. 1998) (affirming amount in controversy at pleading stage involving a personal injury allegedly caused by a defective cardiac pacemaker to be between $100,000-$200,000); *Haran v. Medtronic, Inc.*, No. 97 C 6459, 1998 WL 575278, at *3 (N.D. Ill. Sept. 3, 1998) (finding amount in controversy met for diversity purposes for claims involving allegedly defective pacemaker and citing unpublished cases holding the same from Kentucky and Florida).

14. The similarities between the facts of Plaintiff's Complaint to the above-cited cases involving personal injuries resulting from allegedly defective pacemakers demonstrates that the amount in controversy exceeds $75,000.

15. Therefore, the Complaint's allegations of damages, supplemented with caselaw involving damage awards for similarly pled damages, provide sufficient information to demonstrate that the amount in controversy likely exceeds $75,000, exclusive of interest and costs.

**III.   Defendants have satisfied all procedural requirements for removal.**

16. The Superior Court of California, County of Sutter is located within the Eastern District of California. *See* 28 U.S.C. § 84(b). Therefore, this Court is the proper venue for this case, as the Eastern District of California is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

17. Service was affected on Biotronik through its agent for service of process on October 13, 2020. Thus, this Notice of Removal is timely because it was filed within 30 days of receipt by Biotronik of a copy of the initial pleading setting forth Plaintiff's claim for relief. *See* 28 U.S.C. § 1446(b).

18. Biotronik has conducted a diligent search and reasonable inquiry and discovered that Biotronik Vertriebs GmbH & Co. KG has not been served. Accordingly, the joinder or consent of Biotronik Vertriebs GmbH & Co. KG in this removal petition is not required. *See* 28 U.S.C. § 1446(b)(2)(A).

19. No previous application has been made for the relief requested herein.

20. Per 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders as exists in the state court record at the time of removal are attached as Exhibit A.

21. A copy of this this Notice of Removal is being served upon Plaintiffs' counsel and a copy is being filed with the Superior Court of California, County of Sutter in accordance with 28 U.S.C. § 1446(d).

WHEREFORE, Defendant Biotronik Inc. prays that the above numbered and entitled cause on the Superior Court of California, County of Sutter be removed from that court to the docket of the United States District Court for the Eastern District of California.

Dated: November 11, 2020          STOEL RIVES LLP

By:/s/ Thomas A. Woods
Thomas A. Woods
Attorneys for Defendant
Biotronik, Inc.

# CERTIFICATE OF SERVICE

I declare that I am over the age of eighteen years and not a party to this action. I am employed in the City and County of Sacramento and my business address is 500 Capitol Mall, Suite 1600, Sacramento, California 95814.

On November 12, 2020, at Sacramento, California, I served the attached document(s):

NOTICE OF REMOVAL

on the following parties:

> Louis S. Abronson         Attorney for Plaintiff
> Abronson Law Offices      Marcie Pierce
> 332 North Second Street
> San Jose, CA 95112
> Phone: (408) 687-9155
> Fax: (408) 352-5595
> LSA@redhouselawyer.com

☒ **BY FIRST CLASS MAIL:** I am readily familiar with my employer's practice for the collection and processing of correspondence for mailing with the U.S. Postal Service. In the ordinary course of business, correspondence would be deposited with the U.S. Postal Service on the day on which it is collected. On the date written above, following ordinary business practices, I placed for collection and mailing at the offices of Stoel Rives LLP, 500 Capitol Mall, Suite 1600, Sacramento, California 95814, a copy of the attached document in a sealed envelope, with postage fully prepaid, addressed as shown on the service list. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing contained in this declaration.

☒ **(Federal Courts Only)** I declare that I am employed in the office of a member of this court at whose direction this service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this document was executed on November 12, 2020, at Sacramento, California.

_____
Erin Sanchez